UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 2:13-cr-09-03
                                                      HON. PAUL L. MALONEY

DERRICK JOHN GUZEK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned to hold a hearing to determine whether Defendant Derrick John Guzek threatened Heather Anderson during a telephone conversation on the weekend of October 21, 2016. A hearing was held on January 4, 2017, in which the undersigned heard testimony from Heather Anderson, Gerald Guzek, and Defendant Guzek. For the forgoing reasons, the undersigned finds that there is insufficient evidence to establish that Defendant Guzek threatened Ms. Anderson.

Defendant Guzek is currently on supervised release. On September 15, 2016, Defendant Guzek pleaded guilty to one general violation of his supervised release—that he shall not commit another federal, state, or local crime.[1] The maximum sentence for the violation is two years, and the advisory guidelines range is between fifteen to twenty-one months. The court released Defendant Guzek on a $10,000 personal recognizance bond and set sentencing for April 25, 2017.

---

[1] Notably, Defendant Guzek pleaded guilty to conspiracy to distribute and to possess with intent to distribute an unspecified quantity of controlled substance analogues in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Defendant Guzek had previously committed the same offense and was serving his period of supervised release for that offense at the time of his violation.

The court rescheduled the final revocation hearing for November 8, 2016 after Ms. Anderson filed a police report alleging that Defendant Guzek threatened her. At the hearing, Defendant Guzek denied that he threatened Ms. Anderson. Based on the denial, the Government was requested to subpoena Ms. Anderson to testify under oath regarding her allegations. The matter was referred to the undersigned for a hearing

When determining whether to revoke a defendant's supervised release, the court must find that the defendant violated a condition of the supervised release by a preponderance of the evidence. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997). The burden of proof rests on the government. *See United States v. Williams*, 473 F. App'x 481, 484 (6th Cir. 2012). Therefore, the undersigned applies the preponderance of the evidence standard to determine whether Defendant Guzek threatened Ms. Anderson.

Ms. Anderson and Defendant Guzek have a complicated relationship. They began their relationship in 2008 and have a set of twins together—one boy and one girl. The children are now seven years old. On March 30 2016, Ms. Anderson sought a Personal Protection Order ("PPO") against Defendant Guzek. In the application for the PPO, Ms. Anderson alleged Defendant Guzek punched her in the face on February 20, 2016, and threatened her on March 23, 2016. Defendant Guzek denied these allegations and stated that Ms. Anderson made up these stories to get him out of the house. The state court ultimately granted the PPO.[2]

Under the current custody arrangement, Ms. Anderson has primary custody of the two children, and Defendant Guzek has custody of the children every other weekend and every other holiday. On the weekends when Defendant Guzek has custody of the children, Ms. Anderson drops the children off at the sheriff's department.

---

[2] On April 20 2016, Ms. Anderson attempted to modify the PPO against Defendant Guzek. However, the state court denied Ms. Anderson's request.

On Friday, October 21, 2016, Ms. Anderson dropped off the children at the sheriff's department.  When Defendant Guzek picked up the children, he noticed that their son had a chipped front tooth.[3]  In addition, the children were not wearing winter jackets when Ms. Anderson dropped them off.

During the hearing on January 4, 2017, Ms. Anderson, Gerald Guzek, and Defendant Guzek testified as to what happened during the telephone conversation that occurred over the weekend of October 21, 2016.  According to Ms. Anderson, she received a message from Defendant Guzek while she was at a friend's house on Sunday.  Because she did not have service inside the house, Ms. Anderson walked outside of the house and called Defendant Guzek back.  During the conversation, Defendant Guzek became very angry about their son's cracked tooth.  He told Ms. Anderson that if one of his kids got hurt again, he would "knock her fucking teeth in."  Ms. Anderson responded by asking if Defendant Guzek was threatening her.  Defendant Guzek replied "you're fucking right I am."  The entire conversation lasted about a minute.

Gerald Guzek, who is Defendant Guzek's father, was the second witness to testify during the hearing.  According to Gerald, Defendant Guzek called Ms. Anderson on Friday to discuss why the children were dropped off without any winter jackets and why the son had a cracked tooth.  Gerald testified that the entire conversation was "sensible" and that Defendant Guzek never made any threats.  Although Gerald has some hearing problems, he testified that he heard the entire conversation because Defendant Guzek was only a few feet away from him.

Defendant Guzek was the final witness to testify during the hearing.  Similar to his father's testimony, Defendant Guzek testified that he called Ms. Anderson on Friday to find out why the children did not have any winter jackets when they were dropped off and whether their

---

[3] Apparently, their son chipped his tooth when he fell on the playground the week prior.

son had seen a dentist for the cracked tooth.  Defendant Guzek denied that he raised his voice or that he made any threats during the conversation.  Defendant Guzek further testified that he did not call Ms. Anderson on Sunday and that the only telephone conversation between the two occurred on Friday.  In addition, Defendant Guzek testified that Ms. Anderson has threatened to get him in trouble with the police or send him back to jail on multiple occasions in the past.

Based on the testimony, the undersigned finds that there is insufficient evidence to establish that Defendant Guzek threatened Ms. Anderson.  Therefore, the undersigned recommends that the court hold Defendant Guzek's sentencing on April 25, 2017, as previously scheduled.[4]

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 17, 2017

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the undersigned finds that the evidence does not establish that a violation occurred, both parties can still present evidence relating to this phone call during the sentencing hearing.